# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-996V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MARVIN C. SETNESS,                  *
                                    *        Special Master Corcoran
                                    *
             Petitioner,            *        Filed:  March 10, 2017
                                    *
       v.                           *        Decision; Attorney's Fees and Costs;
                                    *        Influenza ("flu") Vaccine; Guillain-Barre
                                    *        Syndrome ("GBS").
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
             Respondent.            *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Leslie Mark Stovall,* Stovall & Associates, Las Vegas, NV, for Petitioner.

*Alexis Babcok*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On December 17, 2013, Marvin Setness filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barre Syndrome ("GBS") as a result of his December 1, 2010, receipt of the influenza ("flu") vaccine. After an onset hearing in the fall of 2015, the parties filed a stipulation for damages on May 6, 2016 (ECF No. 42), which I adopted by decision, dated June 1, 2016. ECF No. 43.

---

[1] This decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated March 1, 2017.[3] *See* ECF No. 50. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $22,126.39 (representing $21,327.50 in attorney's fees, plus $798.89 in costs). *Id.* Respondent filed a response on March 3, 2017, indicating that he has no objection to the overall amount sought by Petitioner. ECF No. 51.[4]

I approve the requested amount for attorney's fees and costs as reasonable.[5] Accordingly, an award of $22,126.39 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Leslie Mark Stovall, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Petitioner's application for fees was technically untimely as it was filed two months and 23 days after the 180 deadline set out in Vaccine Rule 13 had passed, and after Petitioner was provided several notices of the need to act. I am nevertheless acting on the dilatory filing.

[4] Petitioner did not mention General Order No. 9 in his application for attorney's fees and costs. Due to the untimeliness of the fees and costs request generally, I find that the Petitioner has waived his right to recover any unreimbursed costs not already awarded.

[5] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Leslie Mark Stovall, Esq., who practices in Las Vegas, Nevada. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the prevailing rate in his area along with an Attorney Fee Survey schedule. His rate amounts to near the in-forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances I do not reach the question of whether Mr. Stovall is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute such a determination.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.